UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 20-2410-DMG (SHKx)** | Date | December 10, 2020 |
|---|---|---|---|
| Title | *Ryan Matthew Burd v. James R. Hefflin* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO RIVERSIDE COUNTY SUPERIOR COURT**

On October 5, 2020, Plaintiff Ryan Burd filed a Request for Civil Harassment Restraining Order in Riverside County Superior Court against Defendant James Hefflin. [Doc. # 1-1.] On November 18, 2020, Defendant removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. Not. of Removal [Doc. # 1].

Federal question jurisdiction exists over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Furthermore, pursuant to 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction [under that statute] must be rejected if there is *any doubt* as to the right of removal in the first instance." *See id.* (emphasis added).

Defendant argues that Plaintiff's Request for a Civil Harassment Restraining Order arises under federal law, namely the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, because it asserts that Defendant harassed Plaintiff on the basis of Plaintiff's same-sex marriage. Not. of Removal at ¶ 3. But Plaintiff's Request does not assert any claims under federal law, and any claims could arise solely under California's Fair Employment and Housing Act, which prohibits discrimination on the basis of sex, gender, or sexual orientation. *See* Cal. Gov't Code § 12940(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 20-2410-DMG (SHKx) | Date | December 10, 2020 |
|---|---|---|---|
| Title | *Ryan Matthew Burd v. James R. Hefflin* | Page | 2 of 2 |

Accordingly, because it is not clear that federal question jurisdiction exists, Defendant is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Riverside County Superior Court for lack of subject matter jurisdiction. Defendant shall file a response by no later than **December 23, 2020**. **Failure to timely file a satisfactory response by this deadline will result in the remand of this action to state court.**

**IT IS SO ORDERED.**