UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  **ED CV 20-2410-DMG (SHKx)** | Date  January 12, 2021 |
| Title  *Ryan Matthew Burd v. James R. Hefflin* | Page  1 of 1 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT**

On December 10, 2020, the Court issued an Order to Show Cause ("OSC") to Defendant James Hefflin as to why this case should not be remanded to Riverside County Superior Court for lack of subject matter jurisdiction. [Doc. # 12.] Hefflin, who is proceeding *pro se*, filed a response on December 23, 2020. [Doc. # 13.]

Hefflin's response does not establish that Plaintiff Ryan Matthew Burd's Request for a Civil Harassment Restraining Order arises under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, simply because it asserts that Hefflin harassed Burd on the basis of Burd's same-sex marriage. The primary case Hefflin cites in his response, *Egan v. Schmock*, 93 F. Supp. 2d 1090 (N.D. Cal. 2000), held that the language of California's Fair Employment and Housing Act ("FEHA") mirrors that of the FHA. *Id.* at 1093-94. Although Hefflin is correct that FEHA does not specifically prohibit discrimination by neighbors, the *Egan* court concluded that a plaintiff could theoretically state a claim under FEHA based on a neighbor's discriminatory intent to drive the plaintiff out of his home. *Id.* at 1093-94 (citing Cal. Gov't Code § 12955.7). Because Burd's claims could arise specifically under state law, and not federal law, and because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," the Court lacks federal question jurisdiction over this action. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction [under that statute] must be rejected if there is *any doubt* as to the right of removal in the first instance.") (emphasis added).

Without any other basis for subject matter jurisdiction, the Court **REMANDS** this action to Riverside County Superior Court. All scheduled dates and deadlines are VACATED.

**IT IS SO ORDERED.**